PATRICK F. HOYE *vs.* KALASHIAN & KAZARIAN.

PROVIDENCE—MAY 11, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ,

(1) *Negotiable Instruments. Equities. Bona Fide Holder.*

While a *bona fide* holder of negotiable paper may pass it to an assignee even if the latter may have notice of such facts as would have defeated the right to recover had the instrument remained in the hands of the original party, yet, if the paper returns to the original party, it is subject in his hands to the original equities.

ASSUMPSIT on promissory notes. The court sitting without a jury found that the notes in suit were delivered to the plaintiff as a stake-holder. They were transferred by him to a third party as security, and upon again coming into his possession the present action was commenced upon them against the defendants. Heard on petition of plaintiff for a new trial, and new trial denied.

PER CURIAM. We are of the opinion that there is sufficient evidence to sustain the finding of Mr. Justice Rogers for the defendant. If the notes were placed in the hands of the plaintiff as a stake-holder, his delivery of them to the Hanley Brewing Company to be held as security was wrongful; and when they were turned back to him he took them subject to the original arrangement that he was to hold them as a stake-holder; and the license which was the consideration for them not having been transferred to the defendants they were entitled to a return of the notes, and (1) suit upon them cannot be maintained. While the general rule is that a *bona fide* holder of negotiable paper may pass it to an assignee even if the latter may have notice of such facts as would have defeated the right to recover had the instrument remained in the hands of the original party, an exception to the rule is that if the paper returns to the original party it is not shielded as it would have been in the hands of another person, but is subject to any defence that could have been made had it never been transferred at all. This exception rests on the principle that one cannot take advantage of his own wrong. *Elwell* v. *Tatum*, 6 Tex. Civ. App. 397; *Tod* v. *Wick*, 36 O. St. 370; 1 Dan. Negotiable Inst. § 805; 4 Am. & Eng. Ency. L. 2 ed. 309.

New trial denied, and judgment ordered on the decision.

*Dennis J. Holland*, for plaintiff.

*Robert W. Burbank and Franklin P. Owen*, for defendants.